UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLIOT STEIN AND DORINDA MEDLEY,

                     Petitioners,

           -against-    JUDGE STANTON

                                            14-CV-_____ ( )

ROBERT CHEEVERS,

                     Respondent.

**PETITION TO CONFIRM AWARD**

14 CV 3635

Petitioners Elliot Stein ("Stein") and Dorinda Medley ("Medley"), (collectively, "Petitioners"), by and through their attorney, Lance Roger Spodek, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 2 and 9, seek to confirm the entirety of an arbitration award, consisting of (1) the Partial Award rendered by the arbitrator (the "Arbitrator") from the American Arbitration Association (the "AAA") dated Feb. 4, 2014, which is attached to the accompanying declaration of Lance R. Spodek, Esq., dated May 19, 2014 ("Spodek Declaration"), as Exhibit A.

In support thereof, Petitioners allege as follows:

## INTRODUCTION

The Petitioners are two individuals who invested $140,000 in a mail delivery aggregation venture called Productive Business Solutions, LLC ("PBS") that was founded by the Respondent. The Operating Agreement they entered into required Respondent, among other duties, to provide financial reports and file tax returns.

1

## PARTIES

1.  Petitioner Stein is a Member of PBS, a mail delivery aggregation venture. He invested $70,000. He resides in New York, New York.

2.  Petitioner Medley is a Member of PBS. She invested $70,000. She resides in New York, New York.

3.  Respondent Robert Cheevers founded PBS with the investments of Petitioners. He is the third Member of PBS. He resides in North Andover, Massachusetts.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 (a) (1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.  Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391, 9 U.S.C. § 2 and 9 U.S.C. § 9. The subject arbitration was conducted in New York, New York, pursuant to the Operating Agreement, § 11.1, which provides that "any action to confirm, vacate, modify, challenge or enforce the arbitrator's decision or award shall be filed in a court of competent jurisdiction in the same county where the arbitration of the Member Dispute was conducted..."

6.  Section 11.1 of the Operating Agreement between Petitioners and Respondent relating to arbitration, provides in relevant part:

> **11.1 Disputes Among Members.** ...in the event that the Members are unable to resolve any Member Dispute, such parties shall attempt to settle such dispute through a non-binding mediation proceeding. In the event any party to such mediation proceeding is not satisfied with the results thereof, then any unresolved disputes shall be finally settled in accordance with an arbitration proceeding to be held in New York City and conducted by a single arbitrator in accordance with the commercial rules of the American Arbitration Association. If the parties cannot agree on an arbitrator, then any party may file a demand with the American Arbitration

Association which shall then conduct the arbitration proceeding under its rules and procedures.
...

Any action or proceeding subsequent to any Award rendered by the arbitrator in the Member Dispute, including, but not limited to, any action to confirm, vacate, modify, challenge or enforce the arbitrator's decision or award shall be filed in a court of competent jurisdiction in the same county where the arbitration of the Member Dispute was conducted, and Delaware law shall apply in any such subsequent action or proceeding.

See Operating Agreement, at pp. 11-12, § 11.1

## THE ARBITRATION PROCEEDING

7. Petitioners requested <u>mediation</u>, as required by the Operating Agreement. Respondent did not participate and the AAA closed the case on June 6, 2013. <u>A Demand for Arbitration</u> was submitted to the AAA on August 20, 2013.

8. Respondent Cheevers did not respond to the Demand, nor did he participate in the Preliminary Conference Calls that took place with the AAA representatives, the Arbitrator, or both. The Arbitrator ordered the parties to exchange and file exhibits. Petitioners timely complied, Respondent did not. The prehearing brief ordered by the Arbitrator was timely filed by Petitioners; Respondent did not file a brief.

9. The Arbitration hearing was scheduled for Dec. 4, 2013. Two days before the hearing, Respondent requested an adjournment. The adjournment was granted and the hearing was rescheduled to Dec. 17, 2013. Prior to the hearing, Respondent Cheevers asked for a second adjournment, which was denied. The hearing took place without Respondent. At the end of the hearing, the Arbitrator requested supplemental briefing and a Proposed Award. Petitioners timely filed the materials on Jan. 13, 2014. Respondent filed nothing.

## THE AWARD

10. On Feb. 4, 2014, the Arbitrator issued the "Partial Award." It stated that "Respondent [had] failed to appear after due notice."

11. The Award concluded as follows:

> 1. Respondent must produce and provide to Claimants within 30 days of this Partial Award the following documents:
>
>> - Bank statements for Productive Business Solutions, LLC for every month since the company's inception;
>>
>> - Financial statements by month, quarter and year for Productive Business Solutions, LLC since the its inception;
>>
>> - Tax returns for each year for Productive Business Solutions, LLC since its inception;
>>
>> - A list of all clients, their payments, and their obligations to the Productive Business Solutions, LLC since its inception; and
>>
>> - A list of all vendors, their payments, and their obligations to the Productive Business Solutions, LLC since its inception;
>
> 2. Respondent is enjoined from transferring, disbursing or assigning any assets of Productive Business Solutions, LLC until such time as the documents required to be produced pursuant to paragraph 1 above have been provided to Claimants.
>
> 3. Claimants' request for monetary relief is denied at this time, without prejudice to resubmitting such claim to the Arbitrator.
>
> 4. Claimants' request for attorney' fees is denied at this time, without prejudice to resubmitting such claim to the Arbitrator at such time as the request for monetary relief is submitted to the Arbitrator.

12. Respondent did not produce any of the materials specified in the Arbitrator's order. The 30 day deadline elapsed on March 6, 2014.

4

13. The Award represents a complete and final determination at this stage of the proceedings. The pending arbitration cannot proceed without enforcement of the directive to Respondent to produce the financial records in his control. Only this Court can enforce the Arbitrator's order. Absent enforcement, Petitioners are without a remedy.

14. The Award has not been vacated or modified since it was issued.

WHEREFORE, Petitioners Stein and Medley respectfully request that this Court enter an order pursuant to 9 U.S.C. §§ 2 and 9:

    (i) confirming the Award against Respondent Cheevers;

    (ii) entering the judgment in the form of an order directing Respondent to comply with the Award within twenty (20) days.

Dated: New York, NY
       May 19, 2014

BY: _____
Lance Roger Spodek, Esq. (LS-6117)
3 Columbus Circle, 15th Floor
New York, NY 10019-8716
212-586-8606
Attorney for Petitioners Stein and Medley


TO:
Robert Cheevers
106 Appleton Street
North Andover, Massachusetts
978-918-2091 and
978-725-6757

Respondent

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ELLIOT STEIN AND DORINDA MEDLEY,

                Petitioners,

        -against-                        14-CV-____ (  )

ROBERT CHEEVERS,

                Respondent.

**DECLARATION OF LANCE R. SPODEK, ESQ. IN SUPPORT OF PETITION TO CONFIRM AWARD**

_____

        **LANCE R. SPODEK, ESQ.** declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.      I represent Petitioners Elliot Stein ("Stein") and Dorinda Medley ("Medley") (collectively, the "Petitioners"). I submit this Declaration in support of their Petition to Confirm the Award issued by the Arbitrator on Feb. 4, 2014. The Award is attached as (Exhibit A).

**Events Leading Up to the Arbitration**

2.      The Petitioners are parties to an Operating Agreement with Respondent Robert Cheevers ("Respondent" or "Cheevers") for the creation and management of a mail delivery aggregation venture called Productive Business Solutions, LLC ("PBS").

3.      Petitioners together invested $140,000 in PBS. Cheevers failed to provide financial reports and to file tax returns as he was required to do under the Operating Agreement.

4.      The Operating Agreement provided for dispute resolution via non-binding mediation to be followed by binding Arbitration if mediation was unsuccessful. The section of the Operating

1

Agreement relating to dispute resolution is attached as (Exhibit B).

**The Arbitration**

5.  Petitioners filed a Request for Mediation with the American Arbitration Association ("AAA") on April 15, 2013. After Cheevers did not respond to the AAA's attempts to set up a mediation, the matter was closed. Petitioners filed a Demand for Arbitration on Aug. 20, 2013. Despite being served with all papers and given ample notice, including reminders from the AAA on the day of the proceedings, Respondent failed to participate. He failed to submit proposed arbitration exhibits and a brief per the Arbitrator's order. Two days before the hearing was to take place, he requested, and was granted, an adjournment. He submitted neither exhibits nor a brief. Prior to the rescheduled hearing, he requested another adjournment, which was denied. He did not attend the hearing before the Arbitrator on Dec. 17, 2013.

6.  Petitioners argued in their brief that Respondent had breached the Operating Agreement by failing to provide financial statements and failing to file tax returns. They asked for the return of their investment and for discovery of the financial records of the business. They requested a non-reasoned award.

**Request for Relief**

7.  The Arbitrator issued his award on Feb. 4, 2014. It stated that "Respondent [had] failed to appear after due notice" and concluded:

    1.  Respondent must produce and provide to Claimants within 30 days of this partial Award the following documents:

        - Bank statements for Productive Business Solutions, LLC for every month since the company's inception;

        - Financial statements by month, quarter and year for Productive Business

2

>  Solutions, LLC since the its inception;
>
>  - Tax returns for each year for Productive Business Solutions, LLC since its inception;
>
>  - A list of all clients, their payments, and their obligations to the Productive Business Solutions, LLC since its inception; and
>
>  - A list of all vendors, their payments, and their obligations to the Productive Business Solutions, LLC since its inception;
>
>  2.  Respondent is enjoined from transferring, disbursing or assigning any assets of Productive Business Solutions, LLC until such time as the documents required to be produced pursuant to paragraph 1 above have been provided to Claimants.
>
>  3.  Claimants' request for monetary relief is denied at this time, without prejudice to resubmitting such claim to the Arbitrator.
>
>  4.  Claimants' request for attorney' fees is denied at this time, without prejudice to resubmitting such claim to the Arbitrator at such time as the request for monetary relief is submitted to the Arbitrator.

8.  Respondent did not produce any of the materials specified in the Arbitrator's order. The 30 day deadline elapsed on March 6, 2014.

9.  The Award represents a complete and final determination at this stage of the proceedings. The pending arbitration cannot proceed without enforcement of the directive to Respondent to produce the financial records in his control. Only this Court can enforce the Arbitrator's order. Absent enforcement, Petitioners are without a remedy.

10. The Respondent has participated in the Arbitration by speaking with and emailing the AAA staff and the Arbitrator, he has however, "gamed the system" by not appearing to provide sworn testimony, and by failing to produce a single page of financial and operating records. Respondent's intentional inaction has frustrated the arbitration process. Enforcement of the Arbitrator's order to produce documents must be enforced. Only this Court has enforcement powers.

3

11. No prior application for the relief sought in this petition has been previously made to this or any other court.

WHEREFORE the Petitioners request that this Honorable Court issue an order directing the Respondent Robert Cheevers to produce all of the documents enumerated in the Arbitration Order dated February 4, 2014 within twenty (20) days of the service of this Court's order upon him and for such other and further relief as may seem proper to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York

May 19, 2014.

_____
Lance Roger Spodek, Esq.

4

## AMERICAN ARBITRATION ASSOCIATION
Commercial Arbitration Tribunal

In the Matter of Arbitration Between:

Re: 13 125 01596 13
Dorinda Medley and Elliot "Skip" Stein
and
Robert Cheevers

## PARTIAL AWARD

I, MICHAEL EINBINDER, having been designated in accordance with the Arbitration Clause of the Operating Agreement for Productive Business Solutions, LLC ("PBS"). The Agreement was executed on or about March 27, 2012 by Elliot Stein, residing at 820 Park Avenue, New York, NY ("Stein"), Dorinda Medley, residing at 120 East 87 Street, New York, NY ("Medley"), and Robert Cheevers ("Cheevers") residing at 106 Appleton Street, North Andover, MA. Stein and Medley are referred to as the "Claimants". Cheevers is referred to as the "Respondent". Claimants and Respondent are referred to as the "Parties".

The arbitration clause of the Operating Agreement provided for the resolution of the Parties' disputes pursuant to the Commercial Rules of the American Arbitration Association. Having heard the proofs and allegations of the Claimants, and the Respondent having failed to appear after due notice, and after reviewing the parties' post hearing submissions, I hereby find and make a Partial Award, as follows:

1. Respondent must produce and provide to Claimants within 30 days of this Partial Award the following documents:

    - Bank statements for Productive Business Solutions, LLC for every month since the company's inception;

    - Financial statements by month, quarter and year for Productive Business Solutions, LLC since its inception;

    - Tax returns for each year for Productive Business Solutions, LLC since its inception;

    - A list of all clients, their payments, and their obligations to the Productive Business Solutions, LLC since its inception; and

    - A list of all vendors, their payments, and their obligations to the Productive Business Solutions, LLC since its inception.



2. Respondent is enjoined from transferring, disbursing or assigning any assets of Productive Business Solutions, LLC until such time as the documents required to be produced pursuant to paragraph 1 above have been provided to Claimants.

3. Claimants' request for monetary relief is denied at this time, without prejudice to resubmitting such claim to the Arbitrator.

4. Claimants' request for attorneys' fees is denied at this time, without prejudice to resubmitting such claim to the Arbitrator at such time as the request for monetary relief is resubmitted to the Arbitrator.

_2/4/14_
Date

_____
Michael Einbinder

suffered or sustained by them by reason of any acts or omissions arising out of their activities on behalf of the Company or in furtherance of the interests of the Company, including but not limited to any judgment, award, settlement, reasonable attorneys' fees and other costs or expenses incurred in connection with the defense of any actual or threatened action, proceeding or claim, if the acts or omissions were not performed or omitted fraudulently or as a result of gross negligence or willful misconduct by the indemnified party. Reasonable expenses incurred by the indemnified party in connection with any such proceeding relating to the foregoing matters may be paid or reimbursed by the Company in advance of the final disposition of such proceeding upon receipt by the Company of (i) written affirmation by the Person requesting indemnification of its good-faith belief that it has met the standard of conduct necessary for indemnification by the Company and (ii) a written undertaking by or on behalf of such Person to repay such amount if it shall ultimately be determined by a court of competent jurisdiction that such Person has not met such standard of conduct, which undertaking shall be an unlimited general obligation of the indemnified party but need not be secured.

**9.3 Insurance.** The Company shall have the power to purchase and maintain insurance on behalf of any Person who is or was a Member or an agent of the Company against any liability asserted against such Person and incurred by such Person in any such capacity, or arising out of such Person's status as a Member or an agent of the Company, whether or not the Company would have the power to indemnify such Person against such liability under Section 10.1 or under applicable law. The company shall maintain a policy of general liability insurance in an amount to be determined by the Members.

## ARTICLE X

## MISCELLANEOUS

**10.1 Authority.** This Agreement constitutes a legal, valid and binding agreement of the Member, enforceable against the Member in accordance with its terms. The Member is empowered and duly authorized to enter into this Agreement (including the power of attorney herein) under every applicable governing document, partnership agreement, trust instrument, pension plan, charter, certificate of incorporation, bylaw provision or the like. The Person, if any, signing this Agreement on behalf of the Member is empowered and duly authorized to do so by the governing document or trust instrument, pension plan, charter, certificate of incorporation, bylaw provision, board of directors or stockholder resolution or the like.

**10.2 Indemnification by the Members.** Each Member hereby agrees to indemnify and defend the Company, the other Members and each of their respective employees, agents, partners, members, shareholders, officers and directors and hold them harmless from and against any and all claims, liabilities, damages, costs and expenses (including, without limitation, court costs and attorneys' fees and expenses) suffered or incurred on account of or arising out of any breach of this Agreement by that Member.

## ARTICLE XI

## DISPUTE RESOLUTION

**11.1 Disputes Among Members.** The Members agree that in the event of any dispute or disagreement solely between or among any of them arising out of, relating to or in connection with this Agreement or the Company or its organization, formation, business or management ("Member Dispute"), the Members shall use their best efforts to resolve any dispute arising out of or in connection with this Agreement by good-faith negotiation and mutual agreement. The Members shall meet at a mutually convenient time and place to attempt to resolve any such dispute.

However, in the event that the Members are unable to resolve any Member Dispute, such parties shall first attempt to settle such dispute through a non-binding mediation proceeding. In the event any party to such mediation proceeding is not satisfied with the results thereof, then any unresolved disputes shall be finally

pbsoa-rdm(f)2.10.12



settled in accordance with an arbitration proceeding to be held in New York City and conducted by a single arbitrator in accordance with the commercial rules of the American Arbitration Association. If the parties cannot agree on an arbitrator, then any party may file a demand for arbitration with the American Arbitration Association which shall then conduct the arbitration proceeding under its rules and procedures. A Member may withdraw from the Member Dispute by signing an agreement to be bound by the results of the arbitration. A Member who withdraws shall have no further right to participate in the Member Dispute.

Any action or proceeding subsequent to any Award rendered by the arbitrator in the Member Dispute, including, but not limited to, any action to confirm, vacate, modify, challenge or enforce the arbitrator's decision or award shall be filed in a court of competent jurisdiction in the same county where the arbitration of the Member Dispute was conducted, and Delaware law shall apply in any such subsequent action or proceeding.

## ARTICLE XII

## MISCELLANEOUS

**12.1 Notices.** Except as otherwise expressly provided herein, any notice, consent, authorization or other communication to be given hereunder shall be in writing and shall be deemed duly given and received when delivered personally, when transmitted by facsimile if receipt is acknowledged by the addressee, one business day after being deposited for next-day delivery with a nationally recognized overnight delivery service, or three business days after being mailed by first class mail, charges and postage prepaid, properly addressed to the party to receive such notice at the address set forth in the Company's records.

**12.2 Severability.** If any provision of this Agreement, or the application of such provision to any Person or circumstance, shall be held by a court of competent jurisdiction to be invalid or unenforceable, the remainder of this Agreement, or the application of such provision to Persons or circumstances other than those to which it is held to be invalid or unenforceable, shall not be affected thereby.

**12.3 Binding Effect.** Subject to Article VII, this Agreement shall bind and inure to the benefit of the parties and their respective Successors.

**12.4 Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**12.5 Entire Agreement.** This Agreement contains the entire agreement of the parties and supersedes all prior or contemporaneous written or oral negotiations, correspondence, understandings and agreements between or among the parties, regarding the subject matter hereof.

**12.6 Further Assurances.** Each Member shall provide such further information with respect to the Member as the Company may reasonably request, and shall execute such other and further certificates, instruments and other documents, as may be necessary and proper to implement, complete and perfect the transactions contemplated by this Agreement.

**12.7 Headings; Gender; Number; References.** The headings of the Sections hereof are solely for convenience of reference and are not part of this Agreement. As used herein, each gender includes each other gender, the singular includes the plural and vice versa, as the context may require. All references to Sections and subsections are intended to refer to Sections and subsections of this Agreement, except as otherwise indicated.

**12.8 Parties in Interest.** Except as expressly provided in the Act, nothing in this Agreement shall confer any rights or remedies under or by reason of this Agreement on any Persons other than the Members and their respective Successors nor shall anything in this Agreement relieve or discharge the obligation or liability of any third Person to any party to this Agreement, nor shall any provision give any third Person any right of subrogation or action over or against any party to this Agreement.

**12.9 Amendments.** All amendments to this Agreement shall be in writing and signed by all of the